UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
        RESPONDENT,

V.                           Crim. CASE NO. 97-082-02

MANUEL PEREZ-COLON,
        PETITIONER,

PETITIONER'S REQUEST FOR RESOLUTION OF A QUESTION OF LAW
IN LIGHT OF CONSTITUTIONAL BOOKER ERROR AND A REQUET FOR
CORRECTION OF A MANIFEST INJUSTICE ON OBVIOUSLY WRONG AND
UNREASONABLE DECISIONS

    Now comes the petitioner, Manuel Perez-Colon, pro-se, in the above styled cause, and request this honorable court for resolution of a question of law in light of constitutional Booker error, and the petitioner request the court for correction of a manifest injustice on obviously wrong and unreasonable decisions. The petitioner states the following to wit in support:

    The petitioner, having been tried and convicted in this court, and having had the First Circuit deny him relief on direct appeal in light of the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), opinion cited in U.S. v Martinez-Medina, 279 F.3d 105, 124 (1st Cir. 2002), request this honorable court for resolution of a question of law in light of constitutional Booker error, relevant to the Supreme Court's ruling in U.S. v. Booker, 542 U S 296 (2004). The petitioner request resolution of the question of law because the First Circuit failed to review the direct appeal for constitutional Booker error, relevant to the guideline sentencing range on direct appeal, and this court, as well as the First Circuit failed to review the petitioner's habeas

1

corpus motion and request for a certificate of appealability for constitutional Booker error. Additionally, because the First Circuit has yet to address, adjudicate, and resolve a claim of constitutional Booker error as other Circuits.

The petitioner also request this honorable court for correction of a manifest injustice on obviously wrong and unreasonable decisions made by this court and the First Circuit when entertaining his sentencing, direct appeal, habeas corpus motion, and request for a certificate of appealability, where constitutional Booker error has occurred and gone uncorrected. The petitioner contends that he has suffered prejudice as a result of the obviously wrong and unreasonable decisions, and the errors must be corrected at this time, as there exist an injustice. The petitioner has set out his arugment and memorandum of law below.

### JURISDICTION

This court has jurisdiction and authority to hear and resolve the present question of law and to correct the manifest injustice pursuant to its inherent authority, as an injustice has occurred.

### ARGUMENT AND MEMORANDUM OF LAW

The First Circuit has ruled that questions of law are reviewed de novo, and only recently ruled that a challenge to the guideline calculation presents a question of law warranting a de novo review. See, U.S. v. Ziskind, 491 F.3d 10, 16 (1st Cir. 2007) (Quoting U.S. v. Talladino, 38 F.3d 1255, 1263 (1st Cir 1994).

2

The petitioner presents the following question of law below relevant to constitutional Booker error.

> "Where the district court committed constitutional Booker error, by sentencing the petitioner outside of his maxium guideline range, as determined by the jury's verdict, where the district court relied on extra verdict facts in attributing the petitioner fifteen (15) kilograms of cocaine for sentencing purposes."

In the instant case, the question of law must be resolved, as constitutional Booker error in the district court, or in the First Circuit has yet to be resolved. This court must first address, adjudicate, and resolve on the merits, constitutional Booker relevant to the petitioner's initial sentencing and resentencing, and if not corrected, allow the First Circuit to address, adjudicate, and resolve the matter on the merits. Id. Ziskind, 491 F.3d at pg. 16.

From the onset of the petitioner's initial sentencing, the district court relied on the presentence report's (PSR) conclusory allegation that the petitioner was to be sentenced pursuant to the murder cross reference of section 2D1.1(d)(1), and sentenced the petitioner to a life sentence, with the base offense level 43. Id. Martinez-Medina, 279 F.3d at 121. After review of the case by the First Circuit, it was concluded that that the district court determined the drug type and quantity involved in the case, which was settled practice at the time of sentencing. Id. 279 F.3d at 121. The jury was never instructed to determine whether the statutory provisions of Title 21 U.S.C. § 841(b)(1)(A) applied for sentencing purposes in order to trigger the minimum mandatory sentences of five (5) or ten (10) years.

The First Circuit further ruled that the district court attributed the petitioner more than 150 kilograms of cocaine based on trial evidence, and that this figure (quantity of cocaine) was far more than needed to trigger the statturory maximum life sentence, 21 U.S.C. § 841(b)(1)(A), and enough to set petitioner's guideline base offense level at 38, the highest unadjusted level for drug crimes. The First Circuit went on to state that the petitioner faced a sentence of 292 to 365 months, with a criminal history category III based on the district court's determinations. Id.

Of importance, the First Circuit stated that the district concluded that a life sentence was to be imposed for two reseasons: (1) the upward departures the district court attributed for possession of a firearm and for being a organizer or leader of the conspiracy; and (2) because the petitioner had ordered the murder of Sol Garcia. Of most importance, the First Circuit concluded that the petitioner <u>was</u> <u>not</u> subjected to a mandatory life sentence under 841(b)(1)(A). Id. 279 F.3d at 121.

The petitioner raised a claim in light of <u>Apprendi</u> on direct appeal, and presented the argument that the district court violated his rights under <u>Apprendi</u> when it sentenced him to life base on the court's determination of drug quantity. The First Circuit correctly concluded that the dafault maximum for the cocaine conspiracy would be twenty (20) years if no quantity were determined. And that the petitioner argued correctly that under <u>Apprendi</u>, quantity determinations that push the actual sentence imposed beyond the otherwise applicable statutory maximum must be determ-

4

ined by a jury beyond a reasonable doubt.

The petitioner specifically attacked the district court's finding of drug amount as affecting the guidelines range in light of Apprendi, and the First Circuit ruled that it found no clear error in the larger figure calculated by tht court. Id. 279 F.3d at 122. The petitioner also challenged the district court's application of the murder cross reference in light of Apprendi, and the First Circuit denied the claim by stating that Apprendi does not apply to findings made for purposes of the sentencing guidelines, such as the court's determination that the appellant's were accountable for the murders. Id. The First Circuit went on to affirm the petitioner's conviction and sentence, denying his Apprendi claims. See, 279 F.3d at 127.

The rulings in Blakely v. Washington, 542 U.S. 296 (2004) and Booker occurred after the petitioner's direct appeal and Apprendi claims, and the petitioner did not reap the benefit of the rulings when litigating his habeas corpus motion filed pursuant to Title 28 U.S.C. § 2255. See, Doc. no. 22-23. The petitioner filed several motions seeking the application of Blakely and Booker to his case during the § 2255 proceedings, and the district court denied the motions without addressing and adjudicating on the merits the Blakely and Booker claims. See, Doc. no. 24-26. The petitioner requested a certificate of appealability in the district court in an attempt to appeal his claims raised in light of Blakely and Booker, and the district court denied the request. See, Doc. no. 27-32.

5

The petitioner went on to request a certificate of appealability in the First Circuit in light of Blakely and Booker claims, and the First Circuit denied the request for a certificate of appealability, without addressing and adjudicating on the merits the Blakely and Booker claims. See, First Circuit case number 06-1762, Decided May 16, 2007.

There has never been the issue of constitutional Booker error presented to the district court nor the First Circuit by the petitioner, until he filed his habeas corpus motion, and neither the district court or the First Circuit has addressed, adjudicate, and resolved on the merits, constitutional Booker error.

Unlike the First Circuit, other Circuits have addressed, adjudicated, and resolved on the merits, constitutional Booker error. See, U.S. v. Phillips, 2006 U.S. App. LEXIS 10812, April 26, 2006 and U.S. v. Castaneda, 448 F.3d 731, 732 (5th Cir. 2006). The First Circuit case U.S. v. Antonakopoulos, 399 F.3d 68, 75-76 (1st Cir. 2005), is dispositive, as the case does not address, adjudicate, and resolve on the merits, constitutional Booker error.

As instructions for this court on constitutional Booker error, the Fifth Circuit has ruled that "in order to preserve Booker error for, as here, a pre-Booker sentence, a defendant need not explicitly cite Apprendi, Blakely or the Sixth Amendment." See, U.S. v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). it is without dispute that the petitioner's direct appeal was a pre-Booker decision, and the petitioner readily preserved claims of constitutional Booker error. Id. 297 F.3d at 120-125.

6

The petitioner specifically presented constitutional Booker error claims on direct appeal, although, the ruling in Booker had yet to be handed down from the Supreme Court by the Supreme Court. The petitioner then raised constitutional Booker error during his habeas corpus proceedings.

The Fifth Circuit has ruled that "if a defendant voices an objection sufficient to apprise the sentencing court that he is raising a constitutional claim with respoect to judicial fact finding in the sentencing process, the error is preserved. Id. Castenada-Barrientos, 448 F.3d at 732. The petitioner clearly set out objections to the district court erroneously sentencing him to 150 kilograms of cocaine and the determination that he ordered a murder in the district court and on direct appeal, of which the jury's verdict did not determine. Id. 279 F.3d at 120-123.

Here, constitutional Booker error began with the district court's violation of Blakely, by failing to correctly determine the petitioner's minimum and maximum guideline range based on the jury's verdict. The Supreme Court ruled in Blakely that:

> "Our precedents make clear.... taht the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.... In other words, the relevant 'statutory maximum', is not the maximum sentence a judge may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment', ...... and the judge exeeds his proper authority." Id. 542 U.S. at 303.

Applying Blakely to the present case, of which has not been overruled by any of the Supreme Court's later or recent

7

decisions, and is still contdrolling authority, the petitioner's guideline range should have been based on a base offense level of 12, and a guideline range of 10 to 16 months in criminal history category one (1), given the fact that 21 U.S.C. § 841(b)(1)(C) has no minimum sentence and a maximum sentence of twenty (20) years. Id Title 21 U.S.C. § 841(b)(1)(C). Of other importance, given the fact that the jury in this case did not determine the quantity and type of drugs to trigger a five (5) and ten (10) year minimum mandatory sentence, the petitioner's base offense level must start at a level twelve (12), as no specific qauntity or type of drugs were determined by the jury.

The First Circuit ruled shortly after the decision in the petitioner's case that "in order for the minimum mandatory sentences of five (5) and ten (10) years to be triggered, the indictment must first charge the required drug type and quantity, and the jury must have determined guilt on the same." See, U.S. v. Perez-Ruiz, 353 F.3d 15, 16 (1st Cir. 2003). The jury was not instructed to determine drug type and quantity in the present case, nor did the jury determine drug type and quantity, specifically, the amounts to trigger a five (5) or ten (10) year minimum mandatory sentence. See, Jury Instructions and Jury Verdict. The jury instructions in this case did not supply the proper linkage to the required drug type and quantity. Given this fact, the petitioner could not have received a sentence of more than twenty (20) years, just as the defendant in Perez-Ruiz.

Here, them maximum sentence the court could impose on the petitioner in light of Blakely was 16 months, without the court

making any extra verdict facts, even where the statutory maximum was twenty (20) years pursuant to 21 U.S.C. § 841(b)(1)(C).

The district court clearly exceeded the maximum sentence it could impose on the petitioner by sentencing him to life sentence, specifically, after making extra verdict facts by attributing enhancement points for possession of a firearm and being an organizer or leader, then for ordering a murder, of which the jury verdict did not determine. The First Circuit has recently ruled that a within the guideline sentence is reasonable. See, U.S. v. Germosen, LEXIS 5321 First Circuit 2007. Error in light of the ruling in Blakely has occurred here.

The constitutional Booker error occurred where the district court, not the jury's verdict, determined that the petitioner was to be attributed a 150 kilograms of cocaine for sentencing purposes, enhancement points for possession of a firearm, enhancement points for being an organizer or leader, and enhancement and/or sentence for murder, and the district court relied on extra verdict facts in doing so. The second part of the majority opinion in Booker acknowledged that "the Sixth Amendment requires jury's, not judges, to find facts relevant to sentencing." Id. Booker, 543 U.S. at ____. The life sentence imposed on the petitioner by the district court contradicts the principles established in Booker, specifically, where constitutional Booker error has occurred. It is without dispute that if the jury does not determine the amount of drugs to trigger the five (5) and ten (10) year minimum sentences, based on extra verdict facts, violates the petitioner's Fifth and Sixth Amendment rights to a jury trial.

9

The Eleventh Circuit ruling in Phillips is instructive on the manner in which constitutional Booker error is applied, given the fact that the district court, nor the First Circuit has addressed, adjudicated, and resolved on the merits, constitutional Booker error. In order to prevent a further manifest injustice, this honorable court must resolve the question of law being presented.

## CORRECTION OF MANIFEST INJUSTICE

The petitioner brings to the court's attention that there exist a manifest injustice in the present case, where the First Circuit denied the petitioner's Apprendi claim on direct appeal and the district court denied the petitioner's habeas corpus motion, contrary to the rulings in Blakely and Booker. The manifest injustice will continue if this court does not address, adjudicate, and resolve the petitioner's Blakely and Booker claims on the merits.

The petitioner further contends that a manifest injustice exist, as the district court at the initial sentencing, the First Circuit during the direct appeal, and the district court during the habeas corpus proceedings has yet to address, adjudicate, and resolve constitutional Booker error on the merits when presented to them. The First Circuit has long since established the law that whether the law of the case doctrince applies at all is a question of law, which warrnates a de nove review. See, Tang v. Dept. of Elderly Affairs, 163 F.3d 7, 10-11 (1st Cir. 1998).

Of other importance, the First Circuit has ruled that a court can reconsider its past decision. See, Ellis v U.S., 313 F.3d 636, 647-48 (1st Cir. 2002). The First Circuit has also ruled that reconsideration of a past decision requires at a minimum a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong, and resulted in prejudice. See, U.S. v. Moran, 393 F.3d 1, 7-8 (1st Cir. 2002).

It is without dispute that the previous rulings in the petitioner's case, both in the district court adn the First Circuit, are unreasonable and most definitely wrong, where the rulings have failed to make a determination of constitutional Booker error, specifically, when the petitioner raised the such a claim. This court must now resolve the question of law being presented to correct the manifest injustice that has occurred, or forward the case to the First Circuit in order for the question of law to be addressed, adjudicated, and resolved on the merits.

Wherefore, the petitioner request this honorable court to resolve the question of law being presented in light of Constitutional Booker error, and the petitioner request the court to correct the manifest injustice that has occurred in light of the district court's and the First Circuit's past rulings in light of a contitutional Bocker error, as they are obviously wrong and unreasonable. The petitioner request the court for any other relief that is just and proper.

Respectfully Submitted,

*/s/ Manuel Perez-Colon*

Manuel Perez-Colon, Pro-se
#14885-069
FCC Coleman-USP-1
P.O. Box 1033
Coleman, Florida 33521-1033

11

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to the following parties listed below by way of United States Mail on this _22_ day of __MAY__ 2008.

United States Attorneys Office
350 Carlos Chardon Avenue
Hato Rey, Puerto Rico 00918

_____
Manuel Perez-Colon, Pro-se