IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MANUEL PEREZ-COLON,<br><br>Petitioner | CRIMINAL NO. 97-82 (SEC) |

**RESPONSE IN OPPOSITION TO PETITIONER'S REQUEST FOR RESOLUTION OF A QUESTION OF LAW IN LIGHT OF CONSTITUTIONAL <u>BOOKER</u> ERROR AND REQUEST FOR CORRECTION OF A MANIFEST INJUSTICE ON OBVIOUSLY WRONG AND UNREASONABLE DECISIONS**

**TO THE HONORABLE COURT:**

    **COMES NOW** the United States of America, herein represented through its attorneys and very respectfully submits the following response to petitioner's motion:

    1. On May 27, 2008, petitioner filed a motion tantamount to a Title 18, <u>United States Code</u>, Section 2255 Motion. **(D.E. 3439).**

    2. Petitioner had filed another Section 2255 motion which was denied on June 17, 2004. **(Civil No. 03-1692 (SEC)(Docket No. 22)).**

    3. Subsequently, on August 26, 2004, petitioner filed a motion under F.R.Civ.P. 60 (b), requesting that the Court reconsidered the denial of his Section 2255 motion in order to correct present errors of law and apply the Supreme Court's ruling in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) to his case. **(Civil No. 03-1692 (SEC)(Docket No. 24)).** Based on the arguments contained in Petitioner's motion, this Court found that he presented a paradigmatic habeas claim and thus, his request was treated as a successive habeas petition to which it applied the restrictions under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. The Court cited <u>Rodwell v. Pepe</u>, 324 F.3d 66, 71 (1st Cir.2003)(holding that "a district judge should treat a Rule 60(b) motion in a habeas case as a second or successive habeas petition whenever the motion

Page 2

threatens to encroach upon precincts patrolled by the AEDPA, that is, whenever the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction") and also cited Muñoz v. United States, 331 F.3d 151 (1st Cir.2003)(extending the Rodwell holding to Section 2255 habeas cases). The Court indicated that in order for petitioner to be able to obtain any relief from judgment, he had to first obtain from "the appropriate court of appeals...an order authorizing the district court to consider the application." Because petitioner failed to obtain an order authorizing the district court to consider his application from the appropriate court of appeals pursuant to 28 U.S.C. § 2244 (b)(3)(A), as incorporated in 28 U.S.C. § 2255, petitioner's motion for reconsideration was denied.

    4. Petitioner cannot collaterally attack his sentence through Blakely or Booker since they do not apply retroactively to his sentence. The Supreme Court in Booker clearly limited its holding to those cases on direct review. United States v. Booker, 125 S.Ct. 738, 769 (2004). The First Circuit has expressly recognized this limitation. See, e.g., United States v. MacKinnon, 401 F.3d 8, 10 (1st Cir.2005)("the principles announced in Booker apply to all cases pending on direct review"). As to Blakely, the First Circuit in Cuevas v. Derosa, 386 F.3d 367, 367-68 (1st Cir.2004), expressed that the Supreme Court has not made its ruling in Blakely retroactive to cases on collateral review. Consequently, petitioner cannot now claim relief under said case law.

    5. Furthermore, "a finding of manifest injustice requires, at a bare minimum, 'a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong,' and resulted in prejudice." United States v. Moran, 393 F.3d 1, 8 (1st Cir2004) quoting, Ellis v. United States, 313 F.3d 636, 648 & n. 5 (1st Cir.2002). In the instant case like in Moran, petitioner "cannot scale these heights". Id. There is no fundamental miscarriage of justice in the imposition of a Guidelines sentence, which is not an unreasonable sentence, and the deprivation of additional

Page 3

judicial discretion to impose a reasonable sentence other than the Guidelines sentence is not fundamentally unfair. See, United States v. Timmreck, 441 U.S. 780, 783 (1979); Hill v. United States, 368 U.S. 424, 428 (1962).

**WHEREFORE**, in light of the afore mentioned, it is very respectfully requested that this Honorable Court DENY Petitioner's Motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of May, 2008.

        **ROSA EMILIA RODRIGUEZ-VELEZ**
        United States Attorney

        **S/DINA AVILA-JIMENEZ**
        Dina Avila-Jimenez USDC 224202
        Assistant United States Attorney
        U.S. Attorney's Office
        Torre Chardón, Suite 1201
        # 350 Carlos Chardón Ave.
        Hato Rey, PR 00918
        Tel.: (787) 766-5656
        Fax: (787) 766-5398

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel all counsel of record, defendant and all interested parties.

        **S/DINA AVILA-JIMENEZ**
        Dina Avila-Jimenez USDC 224202
        Assistant United States Attorney