**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| Petitioner | * |
| v. | * Criminal No. 97-82(2)(SEC) |
| MANUEL PÉREZ-COLÓN | * |
| Respondent | * |

**OPINION AND ORDER**

Before the Court is Petitioner Manuel Pérez-Colón's request to modify his sentence (Docket # 3439), and the Government's opposition thereto (Docket # 3440). After considering the parties' filings and the applicable law, Petitioner's motion (Docket # 3439) is hereby **DENIED.**

Petitioner, Manuel Pérez-Colón (hereinafter Petitioner or Pérez) was convicted in Count One of the Superseding Indictment (Docket # 444) for conspiracy to distribute multi-kilogram amounts of cocaine, heroin and marihuana, and sentenced to life imprisonment. See, Dockets ## 444 & 2300. He was also convicted as to Count Two of the Superseding Indictment for conspiracy to conduct financial transactions knowing that the proceeds were the result of criminal activity, and sentenced to twenty years of imprisonment. Id.

Pérez filed the instant motion, *pro se*, arguing that his sentence is unconstitutional because it was rendered under the mandatory sentencing guidelines prevailing pre-Booker. He contends that, in arriving at his sentence, the District Court, impermissibly, relied in the Pre-Sentence Report filed by the Government which contained a cross-reference to murder pursuant to Sentencing Guideline 2D1.1, and a certain amount of drugs. Petitioner filed a Motion to Vacate his Sentence in Civil Case No. 03-1691(SEC), premised on Apprendi v. New Jersey, 530 U.S. 466 (2000), which argued, *inter alia*, that the Court had taken into consideration facts not found by the jury (*i.e.* the cross reference to murder and the drug quantity). The Court denied his motion. See, Docket # 22 at Civil No. 03-1691(SEC).

**Criminal No. 97-82(2)(SEC)**                                                                                                      2

Petitioner then moved the Court to reconsider its ruling, which the Court denied, explaining that his motion presented "a paradigmatic *habeas* claim and thus, we must treat his request as a successive *habeas* petition [for which] he must first obtain from the appropriate court of appeals... an order authorizing the district court to consider the application..." Docket # 26 of Civil No. 03-1691(SEC). Finally, Pérez appealed of the Court's orders and the Court of Appeals for the First Circuit affirmed. See, U.S. v. Martínez-Medina, 279 F. 3d 105 (1st Cir. 2002)

Petitioner, armed with Booker,[1] attempts, for the third time, to have the Court modify his sentence. He also argues that his sentence is in violation of Blakely v. Washington, 542 U.S. 296 (2004), because the jury was not instructed to determine the "drug type and quantity." Docket # 3439, p. 8. As such, the Petitioner "could not have received a sentence of more than twenty (20) years." Id. The gist of Petitioner's motion is that a constitutional Booker error occurred where "the district court, not the jury's verdict, determined that the petitioner was to be attributed a 150 kilograms of cocaine for sentencing purposes, enhancement points for possession of a firearm... for being a leader, and... for murder...." Id., p. 9. These same arguments were already rejected by the First Circuit on direct appeal. The First Circuit concluded that, although the Court had committed an Apprendi error, the error was harmless because "the government produced overwhelming evidence that the conspiracy involved at least five kilograms of cocaine for Ayala and Pérez." U.S. v. Martínez-Medina, 279 F. 3d. 105, 122 (1st Cir. 2002). As to the Court's determination of Pérez's participation in the murders by a preponderance of the evidence for sentencing purposes, the First Circuit concluded that "[the] argument fails... because Apprendi does not apply to findings made for purposes of the sentencing guidelines, such as the court's determinations that the appellants were accountable for the murders." Id.

As is now settled, Blakely was merely an application of the principles set forth in

---

[1] U.S. v. Booker, 542 U.S. 296 (2004) was decided after Petitioner's direct appeal was decided.

**Criminal No. 97-82(2)(SEC)** 3

Apprendi. See, Blakely, 542 U.S. at 301 (stating that "[t]his case requires us to apply the rule we expressed in Apprendi...: other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt.").

Because the First circuit already dismissed Petitioner's Apprendi claims, any Blakely claim must equally fail. Furthermore, the Court of Appeals for the First Circuit has made it clear that Apprendi and its progeny do not apply retroactively to cases on collateral review. Sepúlveda v. U.S., 330 F. 3d 55 (1st Cir. 2003)(holding that Apprendi does not apply retroactively to cases upon collateral review); see also, Márquez v. U.S., 91 Fed. Appx. 162 (1st Cir. 2004)(unpublished)(same); see also, Cirilo-Muñoz v. U.S., 404 F. 3d 527 (1st Cir. 2005)(holding that having resolved that Apprendi does not apply retroactively, "resolves any comparable Blakely-like claim in this circuit."); Cuevas v. DeRosa, 386 F. 3d 367, 367-68 (1st Cir. 2004)("petitioner may not rely on Blakely as a ground for filing a second or successive petition to vacate his federal sentence."). The same goes for the holding in Booker, which only applies "to cases pending on direct review." U.S. v. MacKinnon, 401 F. 3d 8, 10 (1st Cir. 2005); see also, Cirilo, 404 F. 3d at 533 (concluding that it was unlikely that Booker would be held to be retroactive by the Supreme Court because it would open up to required reexamination thousands of sentences imposed under a regime whose lawfulness was assumed; "certainly Booker itself does not give any clear hint that retroactive effect is intended. Every other circuit that has considered this issue has agreed that Booker does not apply retroactively.")

Because Petitioner's sentence was already final and unappealable at the time Booker was decided, the holding in Booker is not applicable to his case. Furthermore, having the First Circuit already confirmed his conviction and sentence after Petitioner attacked them under the lens of Apprendi, it is unlikely that Petitioner would prevail even if we were to consider his Booker claim, insofar as that case only rendered unconstitutional the mandatory

**Civil No. 05-1680(SEC)** 4

_____

nature of the sentencing guidelines, not the sentencing guidelines *per se*.

    In light of the above, Petitioner's motion is **DENIED** and this case is **DISMISSED with prejudice.** Judgment is hereby entered accordingly.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 2nd day of July, 2008.

                                   S/ *Salvador E. Casellas*
                                   SALVADOR E. CASELLAS
                                   United States District Judge

**Civil No. 05-1680(SEC)** 4